UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PHYLLIS CRUTCHER ) | Case Number |
| ) |  |
| Plaintiff ) |  |
| ) | CIVIL COMPLAINT |
| vs. ) |  |
| ) |  |
| ALLIED INTERSTATE, INC., ) |  |
| a wholly-owned subsidiary of iQor, Inc. ) |  |
| ) |  |
| ) | JURY TRIAL DEMANDED |
| ) |  |
| Defendant ) |  |
| ) |  |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Phyllis Crutcher, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully aver as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Phyllis Crutcher, is an adult natural person and bring this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in the District and maintains a primary business in the District.

### III. PARTIES

4. Plaintiff, Phyllis Crutcher, is an adult natural persons residing at 521 Todds Point Road, Simpsonville, KY 40067. At all times material and relevant hereto, Plaintiff is a ("consumer") as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Allied Interstate, Inc., a wholly-owned subsidiary of iQor, Inc. at all times relevant hereto, is and was a privately held corporation engaged in the business of collecting debt in this State, with a principal place of business located at 335 Madison Avenue, 27th Floor, New York, NY 10017.

### IV. FACTUAL ALLEGATIONS

6. During the early part of November, 2010, Plaintiff started to receive collection calls from the Defendant's agent, "Amber", on an alleged debt owed on an American Express account.

7. At that time, Plaintiff was informed that she owed approximately $1,435.00.

8. Plaintiff informed Defendant's agent, "Amber", that she had retained the services of personal counsel to help aid her in her debt settlement negotiations and asked the Defendant to please call her attorney directly in this matter.

9. Several times Plaintiff attempted to give the Defendant's agent, "Amber", the contact information for her attorney, but Defendant would not accept it.

10. Defendant's agent, "Amber", told the Plaintiff that they needed to work with her personally.

11. Plaintiff continued to receive daily calls from Defendant.

12. On or about December 13, 2010, Plaintiff's legal counsel sent a cease and desist letter to the Defendant. **See "EXHIBIT A" (letter) attached hereto**.

13. Defendant continued to call the Plaintiff.

14. On or about December 16, 2010, Plaintiff's son received a call to his home from Defendant looking for the whereabouts of his mother.

15. During this call, Defendant blatantly lied to Plaintiff's son, telling him that the call was an "emergency" and that he would need to have his mother call Defendant back immediately.

16. Defendant continued on further by falsely informing Plaintiff's son that they had been trying to reach his mother and that she was not answering her phone.

17. This action was taken by the Defendant despite the fact that they had already been in full contact with the Plaintiff and were fully aware that Plaintiff was represented by an attorney.

18. Plaintiff continues to receive daily calls from the Defendant.

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

20. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

22. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

23. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692b(6): | Contact of Third Party: After knowing the consumer is represented by an attorney |
| §§ 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692c(c): | After written notification that consumer refuses to pay debt or that consumer wants collector to cease communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

§§ 1692e:   Any other false or misleading representation or means in connection with the debt collection

§§ 1692f:   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Allied Interstate, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: January 26, 2011

BY:_____
Bruce K. Warren, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
P: 215-745-9800
F: 215-745-9880
Attorney for Plaintiff